IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| FALL LINE PATENTS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>ZOE'S KITCHEN, INC., ET AL.,<br><br>  Defendants. | CIVIL ACTION NO. 6:18-CV-00407-RWS<br><br>**(Consolidated Lead Case)**<br><br>**JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to the Court's order staying this action (Dkt. No. 110), the parties jointly file this status report. On August 4, 2020, the PTAB issued its final written decision in IPR No. 2019-00610 (attached as Ex. 1). Of the patent claims asserted in this action, the PTAB confirmed the patentability of independent claim 7. The PTAB found independent claim 1, and claims 2 and 5 which depend from claim 1, unpatentable.

**Fall Line's Statement**

In view of the PTAB's final written decision, Fall Line intends to take independent claim 7 to trial. The Court stayed this case pending the PTAB's final written decision approximately nine months before trial. Accordingly, Fall Line asks the Court to set a new trial date approximately nine months from now and to order the parties to submit a schedule consistent with the new trial setting.

Defendants argue below that this case should be stayed further while they attempt to undo the PTAB's confirmation of claim 7 on appeal. As a general matter, the possibility of reversing the PTAB on appeal does not justify a further stay. *See, e.g., Personal Audio LLC v. Google, Inc.,* 230 F. Supp.3d 623, 628 (E.D. Tex. 2017) ("In light of the Final Written Decisions, where

1

the PTAB has already analyzed the evidence and articulated its decision after painstaking review, the purpose of the stay has already been fulfilled.  In this situation the mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight.").  Here, defendants are especially unlikely to succeed on appeal:  defendants lost on claim 7 not only on the merits but also because they waived their arguments.  *See, e.g.,* Ex. 1 at 46-49.

Defendants also argue below for supplemental briefing on their 101 motion and on claim-construction, and, alternatively, for a stay of all other matters pending resolution of those particular issues.  Fall Line is not opposed to targeted supplemental briefing on 101 and *Markman*.  But that should not delay scheduling a new trial date or any of the other deadlines necessary for the parties to get this case ready for trial.

**Defendants' Statement**

Defendants respectfully request that the Court maintain the stay pending final resolution of the IPR including appeal. The IPR petitioners plan to appeal the PTAB's decision regarding Claim 7 on multiple meritorious grounds for appeal. The sole limitation of Claim 7 the Board did not find in the prior art was the act of "*automatically* transferring a designed questionnaire" to a computer.  (Ex. 1 at 57 (emphasis in the original)).  First, the petitioners did not waive their arguments regarding the *automatic* transferring, as the petitioners made clear that their expert's reply declaration and the reply arguments themselves were made only in response to arguments and issues raised by both the Board (in its Institution Decision) and Fall Line (in its Patent Owner's Response).  Further, Fall Line was given a full and fair opportunity to respond to the reply via a sur-reply, and it did not object to or seek to exclude any of those arguments or evidence during the IPR.

Second, the Board's decision regarding Claim 7 is legally flawed and in contravention of the substantial evidence presented by the petitioners. Specifically, the Board erred as a matter of law in its obviousness analysis regarding the disputed limitation ("automatically transferring said designed questionnaire to at least one loosely networked computer"). The Board looked exclusively to single prior art references to determine whether any reference, on its own, disclosed this limitation, but "the question is 'whether the claimed inventions are rendered obvious by the teachings of the prior art *as a whole*.'" *Uber Tech., Inc. v. X One, Inc*, 957 F.3d 1334, 1341 (Fed. Cir. 2020) (citation omitted) (emphasis added). The prior art in the petition, taken as a whole, does render obvious the identified limitation under the correct approach, and the petitioners intend to make these arguments to the Federal Circuit on appeal to request reversal, or at a minimum a remand to the PTAB.

Defendants therefore request that the Court maintain the stay pending resolution of the appeal because if the Federal Circuit reverses or vacates the Board's decision, Claim 7 could be found unpatentable, which would mean all of the asserted claims are invalid and there is no basis on which Fall Line can proceed in this litigation. The circumstances that existed when this Court originally instituted the stay still exist: "there is only one asserted patent, the patent claims have not yet been construed by the Court and discovery is not yet complete." (Dkt. No. 18 at 2.) And now, only one claim has survived the Board's review, and it could still be cancelled by the Federal Circuit or by the Board on remand. "[T]he benefits of a stay outweigh the cost of postponing resolution of the litigation in this case." (*Id.*)

Alternatively, if the Court is inclined to lift the stay, Defendants' motion to dismiss under Section 101 remains a pending and threshold issue. The majority of the briefing on the motion to dismiss (which was filed before service of infringement contentions) was directed to

representative claim 1, which has now been cancelled. Accordingly, if the Court lifts the stay, Defendants would request the opportunity for the parties to submit short supplemental briefs on the Section 101 issues specific to the sole remaining asserted claim. For example, claim 7 does not recite the "token" and "tokenizing" limitations that Fall Line argued were relevant to Section 101. (*E.g.*, Dkt. No. 21 at 3-4, 6-8). Supplemental briefing would also afford the parties the opportunity to address relevant case law that has issued since the parties originally briefed the issues in the fall of 2018 and argued them at the hearing on June 12, 2019. (Dkt. No. 95.)[1]

Additionally, in the event the case does not remain stayed, Defendants would request supplemental claim construction proceedings in view of relevant new claim construction evidence. *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361-52 (Fed. Cir. 2017) ("statements made by patent owners during an IPR can be considered for prosecution disclaimer"). Fall Line made new arguments during the IPR that directly affect the proper construction of terms of the asserted claim and may be case-dispositive as to non-infringement. For example, Fall Line argued that the prior art did not disclose performing steps "automatically" in a way that unequivocally disclaimed functions that are "initiated by a user" or "happen at the direction of a user."[2] The Court has not yet issued a *Markman* order in this case, and therefore, if

---

[1] Alternatively, since Defendants have filed answers, Section 101 could be addressed through a new Rule 12(c) motion directed to claim 7 if the Court would prefer, though Defendants respectfully submit that claim 7 is ripe for invalidation on the pending motion.

[2] This construction does not affect Section 101 invalidity; it is well settled that "the need to perform tasks automatically is not a unique technical problem." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1316 (Fed. Cir. 2019) (citing *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015)). The remaining claim 7 "fit[s] into the familiar class of claims that do not focus on an improvement in computers as tools, but on certain independently abstract ideas that use computers as tools." *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1168 (Fed. Cir. 2018).

the Court is inclined to lift the stay, Defendants request the opportunity to file supplemental briefing regarding claim construction issues as affected by the IPR proceedings.

In view of the foregoing, Defendants respectfully request that the Court maintain the stay through final resolution of the IPR, which may resolve this litigation entirely. To the extent the Court were to lift the stay and consider a new case schedule, Defendants would propose that the Court set a schedule specific to the threshold dispositive issue of Section 101 invalidity, and potentially also the supplemental claim construction proceedings, and address those issues before determining whether to schedule the remainder of the case through trial.

\* \* \*

Dated: August 17, 2020

Respectfully submitted,

*/s/ Matthew J. Antonelli*
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
ANTONELLI, HARRINGTON
& THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000

*Attorneys for Fall Line Patents, LLC*

By:*/s/ Ricardo J. Bonilla*
Neil J. McNabnay
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla

5

        Texas Bar No. 24082704
        rbonilla@fr.com
        FISH & RICHARDSON P.C.
        1717 Main Street, Suite 5000
        Dallas, TX 75201
        Tel: (214) 747-5070
        Fax: (214) 747-2091

***Counsel for Defendants***
***Zoe's Kitchen, Inc.,***
***Zoe's Kitchen USA, LLC,***
***McDonald's Corporation,***
***McDonald's USA, LLC,***
***Panda Restaurant Group, Inc.,***
***Panda Express, Inc.,***
***Papa John's International, Inc., and Star Papa, LP***

By: */s/ Lowell D. Mead*

Lowell D. Mead
CA SBN 223989
lmead@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000
Fax: (650) 849-7400

***Counsel for Defendant***
***Boston Market Corporation***


By: */s/ Robert H. Reckers*
    Robert H. Reckers
    Texas Bar No. 24039520
    rreckers@shb.com
    Michael W. Gray
    Texas Bar No. 24094385
    mgray@shb.com
    SHOOK, HARDY & BACON L.L.P.
    JPMorgan Chase Tower
    600 Travis Street, Suite 3400
    Houston, TX 77002
    Tel: (713) 227-8008
    Fax: (713) 227-9508

*Counsel for Defendants*
*AMC Entertainment Holdings, Inc. and*
*American Multi-Cinema, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the August 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ *Matthew J. Antonelli*</u>
Matthew J. Antonelli

7