IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| FALL LINE PATENTS, LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 6:18-CV-00407-RWS |
| ZOE'S KITCHEN, INC., ET AL, | § § | (LEAD CASE) |
| Defendants. | § § § § | |

# ORDER

On April 11, 2023, the Court heard argument on the parties' dispositive motions, as well as other motions relating to expert witnesses and sanctions. Docket Nos. 265, 301. The Court ruled on the dispositive motions argued in a separate order. Docket No. 321. Now, the Court addresses the reasonable costs and fees owed to Fall Line in view of the Court's order sanctioning McDonald's counsel (Docket No. 234; *see also* Docket No. 239), as well as the outstanding Motion for Sanction Regarding Cost Savings (Docket No. 225).

## I. REASONABLE COSTS AND FEES OWED TO FALL LINE UNDER COURT'S ORDER GRANTING SANCTIONS (DOCKET NO. 234)

The Court ordered McDonald's counsel pay reasonable costs and fees to Fall Line after McDonald's failed to comply with a number of the Court's orders compelling discovery responses. Docket No. 234. More specifically, the Court ordered counsel for McDonald's to pay Fall Line's reasonable costs and attorney's fees related to Fall Line's motion to compel (Docket No. 171) and motion for emergency sanctions (Docket No. 186). Docket No. 234. The Court also ordered Fall Line to file a notice summarizing the relevant costs and attorney's fees expended for the Court's review. *Id.* In Fall Line's timely filed notice, Fall Line requests $79,584.11—

accounting for about 90 hours of legal fees and $3,000 in costs. Docket No. 239 (providing an itemized table). At the dispositive motions hearing, counsel for McDonald's stated that he believed the number of hours was "a little high" but admitted that McDonald's did not "have a basis" to challenge Fall Line's accounting or that Fall Line's request was reasonable. Docket No. 301 at 160:5–19. Accordingly, it is **ORDERED**

that counsel for McDonald's pay **$79,584.11** to Fall Line for its reasonable fees and expenses relating to its motion to compel and motion for emergency sanctions within **thirty (30) days** of this order. Upon McDonald's request, Fall Line shall provide counsel for McDonald's with the financial information required for McDonald's counsel to pay the ordered amount.

## II.    FALL LINE'S MOTION FOR SANCTION REGARDING COST SAVINGS (DOCKET NO. 225)

On January 20, 2023, Fall Line filed a motion asking the Court to sanction McDonald's "because [McDonald's] failed to provide discovery on the cost savings resulting from the use of [McDonald's] mobile app[lication]." Docket No. 225 at 1. Fall Line explains that it "tried to obtain discovery on cost savings from the beginning of the action," but that McDonald's represented that there were no responsive documents on this subject. *Id.* at 1–2.

Fall Line explains that Connor Mason, one of McDonald's fact witnesses, testified that McDonald's experiences cost savings during his deposition. *Id.* at 2 (citing Docket No. 226-2). Contrary to McDonald's previous representations, Mason also testified that cost savings documents exist and that he himself contributed data to McDonald's cost savings study. *Id.* at 3 (citing Docket No. 226-2 at 57:9–59:25). Following Mason's deposition, the parties met and conferred about McDonald's "failure to provide documents relating to [their] analyses of cost savings." *Id.* (citing Docket No. 225-3) (requesting the emails, presentation slides, and spreadsheets that Mason referenced during his deposition). McDonald's responded that it was

"already working on gathering those documents for production next week." Docket No. 225-4 at 2; Docket No. 225 at 4.

Fall Line explains that McDonald's failed to produce cost savings documents during the promised period. *Id.* Instead, McDonald's produced documents relating to the costs of McDonald's mobile application system. Docket No. 225 at 4 (citing Docket No. 226-3). Fall Line explains that, at the time Fall Line filed its motion for sanction, McDonald's had not yet produced any documents relating to their analysis of cost savings. *Id.* Thus, Fall Line moved the Court to sanction Fall Line by finding as fact that McDonald's experiences a cost savings of 46 cents per transaction completed using the McDonald's mobile application. *Id.*

McDonald's responds that "Fall Line's recitation of the facts is accurate but incomplete," explaining that McDonald's does "not experience 'cost savings' as defined by Fall Line." Docket No. 238 at 2. McDonald's explains that Mason "was mistaken" about the documents he described during his deposition. *Id.* McDonald's explains that they searched for and produced these documents after determining that what "Mason thought was a 'cost savings' analysis was instead an analysis conducted by McDonald's to compare [their] costs in providing the mobile application with [their] recovery on those costs via fees to [their] owners and operators." *Id.* at 3 (citing Docket No. 238-1, ¶¶ 3–4).[1]

McDonald's explains that after Fall Line filed its motion for sanctions (Docket No. 225), McDonald's "once again set to seeking out any such documents"[2] and found additional

---

[1] The Court notes that McDonald's provides a declaration from Justin Odenbach to support their statement that Connor Mason was confused. Docket No. 238-1. In the record before the Court, there is no declaration from Mason himself explaining his alleged confusion.

[2] At the pretrial conference held on July 6, 2023, counsel for McDonald's represented that no search was conducted beyond asking with "three individuals that Mr. Odenbach was presenting alongside" several questions about cost savings and asking Mason about a presentation that was later produced. Docket No. 340 at 124:11–125:22.

documents that it failed to previously produce. Docket No. 238 at 3.[3] Ultimately, McDonald's argues that Fall Line waited too long to raise this issue and that Fall Line's motion fails to "take into account that McDonald's simply does not have the documents or information" requested. *Id.* at 4.

Fall Line argues that McDonald's response further supports its motion—explaining, *inter alia*, that McDonald's only produced one of the three documents Fall Line requested prior to Fall Line's filing of its motion for sanctions. Docket No. 253 at 1. Fall Line contends that McDonald's "carefully worded statements" that McDonald's "did not experience the 'cost savings' as defined by Fall Line" are misleading; Fall Line did not define cost savings and clearly expressed the data that they sought. *Id.* at 3 (citing Docket No. 253-2) ("If [D]efendants do not have the savings data requested . . . , they should provide the underlying cost data relating to placing and serving/delivering an order. For example, the cost to place an order in person, the cost to place an order over the phone, the cost to place an order using the website, and the cost to place an order using the App[lication]."). Fall Line also takes issue with Odenbach's failure to provide any "explanation whatsoever of what knowledge he has or what, if any, investigation he performed." *Id.* at 4–5. The Court heard argument from the parties on Fall Line's motion (Docket No. 225) at the dispositive motions hearing. Docket No. 301 at 150:12–161:25. The Court asked several additional questions at the pretrial conference on July 6, 2023.

Federal Rule of Civil Procedure 37(b) enumerates a variety of sanctions that may be ordered when a party fails to provide or permit discovery. For example, a Court may deem

---

[3] McDonald's explains that one of the documents that it produced was "the final presentation that was shown to McDonald's Senior Leadership Team on December 2, 2022" instead of the "draft of this document" that Mason was shown. Docket No. 238. It is unclear how similar, or distinct, the draft and final presentations were. And once again, it is unclear why McDonald's relied upon Odenbach—rather than Mason—to explain Mason's confusion.

certain "designated facts be taken as established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A)(i). A district court "has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)). This discretion, "is quite broad, though not unlimited." *Chilcutt v. United States*, 4 F.3d 1313, 1320 (5th Cir. 1993) (citations omitted).

Throughout this case, McDonald's discovery compliance has been dilatory and incomplete. Indeed, McDonald's misrepresentations that it would provide discovery at a later date and accompanying failure to provide the promised discovery has already resulted in this Court granting sanctions in Fall Line's favor. *See, e.g.*, Docket No. 234. Against the backdrop of McDonald's repeated failure to exercise minimal diligence, the Court finds it troubling that McDonald's provides sparse support for their position that they do not have any documents regarding cost savings. The record before the Court does not shed light on the actions McDonald's took to uncover the requested discovery. Nor does it explain why McDonald's chose not to submit a declaration from Mason and instead relied upon Odenbach's brief (not even two pages) declaration.

Yet, even in view of the Court's concerns regarding McDonald's conduct, it is not apparent that the relief sought by Fall Line's is appropriate. McDonald's has provided a sworn declaration, however sparse, from a corporate official that the cost savings documents Fall Line seeks do not exist. Docket No. 238-1. Fall Line has requested that the Court deem established as fact that McDonald's benefits from 46 cents of cost savings for each transaction processed through their mobile application. Docket No. 225 at 4. This request is based on Fall Line's calculation that each mobile order avoids two minutes of employee time at $14 per hour. *Id.* at 4,

n.3. Fall Line may proffer this theory at trial. But the Court will not adopt this theory as a fact because it is not clear how this finding would impact its damages analysis or Blok's royalty rate calculation. Thus, at this time, the Court finds that Fall Line's motion (Docket No. 225) should be **DENIED**. To the extent that this McDonald's overemphasizes the lack of cost savings at trial, however, Plaintiff may seek relief from the Court.

    **So ORDERED and SIGNED this 11th day of July, 2023.**

*[Signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE